## In re Anonymous No. 5 D.B. 74

Disciplinary Board Docket no. 5 D.B. 74.

24

Service.

UNKOVIC, *Board Member*, May 17, 1977— Pursuant to Rule 218(c)(4) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board), herewith submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On January 28, 1974, the Supreme Court entered an order in accordance with Rule 17-14(c) (now

Rule 214(c) of the Pa.R.D.E.) suspending [Petitioner] from the practice of law and referring the matter to the board for the institution of a formal proceeding to determine the extent of the final discipline to be imposed upon [Petitioner]. The order came as a result of his having been guilty of the criminal charge of assault and battery on March 6, 1973. [Petitioner] was also found guilty on the charge of conspiracy to do an unlawful act on October 3, 1973, and also found guilty of three counts of violation of the Internal Revenue Code of August 16, 1954, 68A Stat. 851 (1954), as amended, 26 U.S.C.A. §7203 (wilful failure to file Federal income tax returns).

On June 2, 1976, [Petitioner] commenced serving a 23-month sentence at [   ] County Farms Prison. On July 2, 1976, after hearing, [Petitioner's] application for parole was granted effective the same date and [Petitioner] was paroled for the balance of the term of imprisonment theretofore imposed, under the supervision of the Adult Probation Department of [   ] County.

The hearing committee recommended a suspension for a period of two years and nine months retroactive to the date of the original order of the Supreme Court of Pennsylvania suspending him from practice pending formal proceedings before a hearing committee on January 28, 1974 and the board concurred. Your honorable court by order dated March 23, 1977, approved the report and recommendations of the board and ordered that [Petitioner] be suspended from the practice of law for a period of two years and nine months, such suspension to be made retroactive to the order of suspension of the Supreme Court dated January 28, 1974. The order further stated that [Petitioner] be

given the opportunity to file a petition for reinstatement at an early date, which respondent filed on March 29, 1977.

The matter was referred to hearing committee [A] consisting of [   ]. Because of a prior commitment, [   ] did not participate in the proceeding, and the hearing was held on April 21, 1977. [Petitioner] was represented by counsel at his hearing.

The hearing committee filed its report on April 29, 1977, recommending that [Petitioner] be reinstated. By letter dated April 28, 1977, counsel for [Petitioner] advised the disciplinary board that he waives his right to file a brief on exceptions to the report of the hearing committee and was joined in this action by disciplinary counsel.

## II. DISCUSSION

We have reviewed the transcript of the original proceedings on November 3, 1976, before hearing committee [B] consisting of [   ], which resulted in the suspension of [Petitioner]; the transcript of the parole application hearing held before [C], Judge of the Court of Common Pleas of [   ] County on June 18, 1976; and the transcript of the proceedings on the petition for reinstatement before hearing committee [A] consisting of [   ]. We have also studied the report of [hearing committee A] and their recommendation as to the disposition of the petition for reinstatement. This matter was thoroughly considered by the members of the Disciplinary Board at a regular meeting of the board held on May 13, 1977, and the board voted unanimously to recommend that [Petitioner's] petition for reinstatement be

granted and that the report of the hearing committee, incorporated herein by reference, be adopted in toto.

On the basis of the record, we find that [Petitioner] has met the requirements set forth in Rule 218 of Pa.R.D.E. and has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth and that the resumption of the practice of law within the Commonwealth will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.

## III. RECOMMENDATION

The board recommends to your honorable court that [Petitioner's] petition for reinstatement be granted and that the court direct that the necessary expenses incurred by the board in the investigation and processing of the petition for reinstatement be paid by [Petitioner]. A statement of such expenses is appended to this report.

## ORDER

EAGEN, *C.J.*, And now, May 27, 1977, the report and recommendations of the Disciplinary Board of the Supreme Court dated May 17, 1977, are approved and it is ordered that [Petitioner] shall be and is hereby reinstated as a member of the Bar of this court.

Petitioner is directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.